FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 2 4 2009

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

JUAN H. GARCIA JR.,[1]

                Plaintiff,

      -against-

DETECTIVE DENIS GONZALEZ; PCT. 110;
SERVICIO OF THE INTELLIGENCE
QUEENS, NY,

              Defendants.
--------------------------------------------------------------x

**MEMORANDUM AND ORDER**
09-CV-2343 (SLT)

TOWNES, United States District Judge.

    Plaintiff, proceeding *pro se*, and currently incarcerated at Rikers Island Correctional

Facility, brings this action pursuant to 42 U.S.C. § 1983.[2] The Court grants plaintiff's request to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to submit an

amended complaint within thirty (30) days of the date of this order as detailed below.[3]

### STANDARD OF REVIEW

    Under 28 U.S.C. § 1915A, the District Court "shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or employee of a governmental entity."

---

[1] Plaintiff is also known as "Jesus H. Garcia." See Complaint, Unmarked Exhibits.

[2] The United States District Court for the Southern District of New York transferred the complaint to this Court by order dated May 26, 2009.

[3] This Court notes that plaintiff previously filed two similar complaints. See Garcia v. Gonzalez, 08-CV-3364 (DLI); Garcia v. Police Dep't, 08-CV-3366 (DLI). Those complaints were consolidated, and plaintiff was granted leave to file an amended complaint which complied with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff failed to do so, and the actions were dismissed by order dated May 8, 2009.

1

28 U.S.C. § 1915A.  Upon review, the District Court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  See also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, because plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

### 110 Police Precinct

Plaintiff cannot pursue a claim against the 110 Police Precinct. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396;  See, e.g., Jenkins v. City of N.Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department is not a suable entity); Campbell v. N.Y. City Police, No. 05 CV 2858,  2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (New York City Police Department is not a proper party under § 1983);

2

<u>Wingate v. City of N.Y.</u>, No. 08 CV 217, 2008 WL 203313, at *2  (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity). Accordingly, all claims against the 110 Precinct must be dismissed pursuant to 28 U.S.C. § 1915A(b).

## LEAVE TO AMEND

The true gravamen of plaintiff's complaint is incomprehensible. Plaintiff alleges that he worked as a confidential informant for defendant Gonzalez, but the remainder of his claims are unclear and unintelligible. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005); <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002); <u>see also</u> <u>Twombly v. Bell</u>,  425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial'" (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995))).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. <u>Simmons</u>, 49 F.3d at 86. However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. <u>Cruz v. Gomez</u>, 202 F.3d 593 (2d Cir. 2000).  Should plaintiff file an amended complaint, plaintiff must identify,

as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be identified. Plaintiff shall refer to any unidentified defendant as John or Jane Doe. In addition, plaintiff must clearly and concisely state his claim in a legible manner.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss the complaint pursuant to Federal Rule of Civil Procedure 8.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
        June 19, 2009

4

monte tnis JESUS H
JUAN AKA GAREIA JL
MrS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOC # 2

GAReiA HJuuN Jr

09 CIV 4881
09 2343

_____
(In the space above enter the full name(s) of the plaintiff(s).)

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983

v.

Defendant No. 1 DEtECtiVE mr DEwiS GOWzAlEz
print 110 wnrker SERViCio of iNtELLiGENiE Quunscounty NY

Jury Trial: Yes ___ No ___
(check one)

Defendant No. 2 _____

Defendant No. 3 _____

IRIZARRY, J.

Defendant No. 4 _____

Defendant No. 5 _____

BLOOM, M.J.

(In the space above enter the full name(s) of the defendant(s). If
you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and attach
an additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. No addresses should be included here.)

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of
     confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
     as necessary.

Plaintiff   Name Juan. H. GAriA Jr
            ID # 441-07-02312
            Current Institution O.B.CC. Rikerd Esland NY
            Address 1600 HA24w SC Elmhurst W4,N4, 11370

B.   List all defendants' names, positions, places of employment, and the address where each
     defendant may be served. Make sure that the defendant(s) listed below are identical to those
     contained in the above caption. Attach additional sheets of paper as necessary.

1

**Defendant No. 1**

Name _Mr DENI? GONZALEZ_ Shield # _prinet/110_
Where Currently Employed _princt,100 DEPARTMENTs Policeof,NY_
Address _94- 2/1-43-rd AVE Elmhurst NY_
_Quins county NY NY. 11373_

**Defendant No. 2**

Name _____ Shield # _____
Where Currently Employed _____
Address _____

**Defendant No. 3**

Name _____ Shield # _____
Where Currently Employed _____
Address _____

**Defendant No. 4**

Name _____ Shield # _____
Where Currently Employed _____
Address _____

**Defendant No. 5**

Name _____ Shield # _____
Where Currently Employed _____
Address _____

## II.   Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _____

B.   Where in the institution did the events giving rise to your claim(s) occur? _none_

C.   What date and approximate time did the events giving rise to your claim(s) occur? _none_

2

4/18/09

**D.**   Facts: this Letter complount for Mr DEniS Gonzalez Detective of Queens county the princt of 110 of the Department of the police of the city of new york Employed princt 110 94-41-43rd AVE Elmhurst N.Y. 11373 PHNO CALL 718- 476-9311 I Working confidential Informano 03-15-02 I Working 2yr SERVICIO al INTELLIGENE for Mr DEniS Gonzale Hispanic Detective customer DOB in new york, now workin 2yrs pulling Danger My Life using to much, for information this child cocaino crack EStaces marijuna Heroing pulling my Life Danger Neve paid I take information for Detective Denis Gonzale for FEW G fines Working for Mr DEnis this told me now you working for mr scott ANASTACio princt 110 at 200 USing to much for information My information for MANHATTAN for cocaino, this tol me you make [Pance] for confidential I a firmant USing my mone sign downts inside of car police I sign for criminal court Kew Gurden MY Queens county taka picture inside of cur police now you work for servicio of inteligence of Queens county my mr police I THANK to much COPE Number secret this. Jesus. HisARUA Jr Con filmato Inform 6057 M MIKo

**III.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

**IV.   Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

**A.**   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __/__   No ____

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Otis Bantum Correction CENTER_ _1600 St- EAST ElmHurst NY. NY 11370 Rikend Island_

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No __/__   Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No __/__   Do Not Know ____

If YES, which claim(s)? _____

D.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ____   No __/__   Do Not Know ____

If YES, which claim(s)? _____

E.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No __/__

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No __/__

F.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _3 Different Agency of Agency. oustside_

1.    Which claim(s) in this complaint did you grieve? _____
_Dectective~~ar~~ Denies Gonzalez Princt 110 Queens_ ~~NY~~ _county NY_

2.    What was the result, if any? _____

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _Different Agency_ _of new york for outside_

4

G.   If you did not file a grievance, did you inform any officials of your claim(s)?

Yes ___/___   No _____

1.   If YES, whom did you inform and when did you inform them? _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of NEW YORK NY
I inform them on 3-21-09 Case # 1-08-CV-03364-DLI-LB

2.   If NO, why not? _____

I.   Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies. civilan com plaint REVIEW BoARD.
40 RECTOR STREET 2ND Floor New York 10006
US DEPartment of JUSTICE Criminal Division WAshington
D.C 20530 MS Rena Y. Kim chief of information D.C
U.S DEPartment of justice, national Drug intelligence center
314 Washington St 5th, johnston, P.A. 15901-1622 MS. Pamla M
Wemeth At (814) 4/572 WAshington D.C United States USA

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

V.   **Relief:**
State what you want the court to do for you. _____
to investigate this claim UN De termed
Amount to bed by the court
Mrs please
thank to much too
You Atoember.

VI.   **Previous lawsuits:**

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
action?

Yes ___/___   No _____

On
these
claims

5

B.     If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.     Parties to this previous lawsuit:

Plaintiff _____ Juan H Garcia Jr _____ Princ410

Defendants _Detective Deniz Gonzale, service of Intelligence Queens NY._

    2.     Court (if federal court, name the district; if state court, name the county) _Brooklyn._ United States District court souther district of New York

    3.     Docket or Index number _____ 08 - CIV 4/555

    4.     Name of Judge assigned to your case _____ Mr Richard   5 Holwell.

    5.     Approximate date of filing lawsuit _____ 4/16/08

    6.     Is the case still pending?  Yes ___✓___ No _____

If NO, give the approximate date of disposition _____

    7.     What was the result of the case? (for example: Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _Im proces this still going to court     NY cases pending_

---

D.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ___✓___   No _____

[box:] On other claims

E.     If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.     Parties to this previous lawsuit:

Plaintiff _____ Juan H. Garcia Jr

Defendants _officer coban     Shield #17270 Rikers Island

    2.     Court (if federal court, name the district; if state court, name the county) _Brooklyn_ United States District court sooher district of New York

    3.     Docket or Index number _____ 08 - CIV - 2364   CDI) (LB)

    4.     Name of Judge assigned to your case _____ Kimba Wood

    5.     Approximate date of filing lawsuit: _____ 7/02/2008

    6.     Is the case still pending?  Yes ___✓___ No _____

If NO, give the approximate date of disposition _____

    7.     What was the result of the case? (for example: Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _Im process this still going to court. 4/28/2009 im my case Queens county kew garden Supreme court NY Room +AP A. Hoors NY james Griffin NY_

Signed this _4_ day of _____18_____, 20_0_9_ I declare under penalty of perjury that the foregoing is
true and correct.

Signature of Plaintiff   _Juan H. Garcia or_
Inmate Number   _444 09-_ ~~_____~~ _02312_
Mailing address   _1600 HAZEN ST_
_East Elmhurst N.Y_
_O.B - CC = 11373_
_N.Y   N Y_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
their inmate numbers and addresses.

I declare under penalty of perjury that on this _4_ day of _18_____, 20_0_9_ I will deliver this
complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the
Southern District of New York.

Signature of Plaintiff: _____

rev. 09/04

7



**CIVILIAN COMPLAINT REVIEW BOARD**
40 RECTOR STREET, 2ND FLOOR
NEW YORK, NEW YORK 10006 ♦ TELEPHONE (212) 442-8833
www.nyc.gov/ccrb

MICHAEL R. BLOOMBERG
MAYOR

JOAN M. THOMPSON
EXECUTIVE DIRECTOR

March 3, 2009

Mr. Jesus Garcia Jr.
1600 Hazen Street
East Elmhurst, NY 11370

} AKA }
  JUAN :

RE: OCD 200903203

Dear Mr. Garcia Jr.:

The Civilian Complaint Review Board (CCRB) acknowledges the receipt of your complaint.

The CCRB has jurisdiction to investigate complaints filed against officers of the New York City Police Department that allege excessive use of force, abuse of authority, discourtesy, or use of offensive language, including slurs relating to race, ethnicity, religion, gender, sexual orientation and disability. We have determined that your complaint does not fall within the board's jurisdiction, either because the allegations do not fall within our jurisdiction or because the subject of the allegations is a civilian employee of the police department.

The Office of the Chief of Department (OCD) of the New York City Police Department has jurisdiction to investigate complaints that question the validity of summonses and arrests, and the competence with which police officers perform their general duties; it is also authorized to investigate complaints filed against civilian employees of the police department. Therefore, we have referred your complaint to the Office of the Chief of Department for investigation.

An OCD control number has been obtained for you and it appears at the top of this page. An investigator assigned by the Office of the Chief of Department will contact you and will handle all further action regarding your complaint.

If you have any questions, please contact the Office of the Chief of Department, 300 Gold Street 3rd Floor, Brooklyn, New York 11201, telephone number (718)-834-3382. Please refer to your OCD control number when making all inquiries.

Sincerely,

Denise Alvarez
Director of Case Management

# Complaint Report (CCRB)

| | | | |
|---|---|---|---|
| CCRB Case No : | 200903203 | C/V Report Date : | Mon, 03/02/2009  11:32 AM |
| Complaint Type : | OCD | Investigator : | Not Assigned |
| Complaint Made At : | CCRB | Ref. No : | |
| Received Date (CCRB) : | Mon, 03/02/2009  11:32 AM | Mode : | Mail |
| Incident Date : | Fri, 02/23/2007 | Location : | Other |
| Place of Occurrence : | Unknown Location | Precinct : | 110 |
| | | Boro : | Queens |

Reason for Initial Contact : Other

Charges : Arrest - other violation/crime

## Complainant/Victim Details

| | | | |
|---|---|---|---|
| Name : | Jesus H. Garcia Jr. | | Type : Comp/Victim |
| Address : | 1600 Hazen Street East Elmhurst NY 11370, USA | | |

Contacts :

| | | | | | |
|---|---|---|---|---|---|
| Gender : | Male | Ethnicity : Unknown | | Date of Birth : 11/24/1960 |
| Person Assisting : | | | | |
| Injury Details : | | | | |

| | | | |
|---|---|---|---|
| Name : | Migdalia Perez | | Type : Comp/Victim |
| Address : | 7   , USA | | |

787

Contacts : (7**)-359-7636 Phone(Mobile)

| | | | |
|---|---|---|---|
| Gender : | Female | Ethnicity : Unknown | Date of Birth : |
| Person Assisting : | | | |
| Injury Details : | | | |

| | | | |
|---|---|---|---|
| Name : | Gloria Cedeno | | Type : Comp/Victim |
| Address : | 37-10 97th Street Jackson Heights NY 11372, USA | | |

Contacts :

| | | | |
|---|---|---|---|
| Gender : | Female | Ethnicity : Unknown | Date of Birth : |
| Person Assisting : | | | |
| Injury Details : | | | |

## Officer(s) Named in Complaint   PHone 718-476-9311-

| Rank | Officer | S/W Officer | Tax No | Race | Cmd | Allegations/Board Dispositions |
|---|---|---|---|---|---|---|
| | Mercado | Subject Officer | | Unknown | 110 | pHone call 718-476-9311 |

address of the prient 110 - 94- 41-43rd Ave  ElmHurst NY NY

*CCRB*
*Mar 03, 2009*

# Complaint Report (CCRB)

*Miguel Carbajal Phone cell- 718-757-2943*

| Rank | Officer | S/W Officer | Tax No | Race | Cmd | Allegations/Board Dispositions |
|------|---------|-------------|--------|------|-----|-------------------------------|
|  | Miguel Earbajal | Subject Officer |  | Unknown | 110 | *princt- Queens county- adults future 718 476-9311* |
|  | Scott Anastacia | Subject Officer |  | Unknown |  |  |

*Princt 115 nort BLVD. Queens county NY*

## Initial Complaint Narrative

Mr. Juan H. Garcia states he is the defendant/complain tee of the aforementioned miscarriage of justice. Mr. Garcia states as complied are a list to his personal inquiries about the charges that initiated his arrest and there's a discrepancy that has subjected him this false incarceration by the 112th precinct. Mr. Garcia states he is in desperate need of some assistance and full blown exposure to help elevate non Pena logical infraction on injustice. Mr. Garcia states a division of detectives of Queens County New York; a person has been using his life for 5 years by putting his life in danger for detectives of the narcotics division of the 110th & 115th precinct.

## Witness

*Detective to his criminal court Queens county nyc Kew gardens to his (N.Y.)*

*I putting complaint Internal Affairs 315- Hudson Street NY NY 10013. Phone call 212 741 4576*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JUAN H. GARCIA JR., *pro se*,

           Plaintiff,

      -against-

DETECTIVE DENIS GONZALEZ; SERVICIO
OF THE INTELLIGENCE  QUEENS, NY; SCOTT
NAZTACIOU, DETECTIVE QUEENS 115 PCT
NORTH BLVD NY NY; MIGUEL CARBAJAL
PCT 112 QUEENS, QUEENS COURT NY;
CRIMINAL COURT QUEENS COUNTY CITY OF
NEW YORK KEW GARDENS,

           Defendants.
-------------------------------------------------------------x
-------------------------------------------------------------x
JUAN H. GARCIA JR., *pro se*,

           Plaintiff,

      -against-

POLICE DEPARTMENT, DETECTIVE DIVISION,
QUEENS, NEW YORK,

           Defendant.[1]
-------------------------------------------------------------x

**SUMMARY ORDER**
**08-CV-3364 (DLI)(LB)**

*[handwritten:] Detectives queens county criminal court kew Gardens using to much MY Life Dealings DMBO2 MY Lif I HAVE WITNESS MKS*

**SUMMARY ORDER**
**08-CV-3366 (DLI)(LB)**

**DORA L. IRIZARRY, United States District Judge:**

    Plaintiff, proceeding *pro se*, is incarcerated at Rikers Island and filed these two actions

pursuant to 42 U.S.C. § 1983. The United States District Court for the Southern District of New

York transferred <u>Garcia v. Police Dept.</u>, 08-CV-3366 to this court by an order dated July 2, 2008,

---

    [1] Plaintiff names additional defendants on page 2 of the complaint: Detective Denis
Gonzalez, Detective Scott Naztacio and Detective Michael Carbajo.

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=3/31/2009] [FileNumber=4332386-0]
[55c41e0315d0fa9604be0d2f08a574930261d3265a2034bc3e88b080d097c66959f8f
18c990a73486dca8e7213bf4f16ee7e2821b69d5e097df4845f440a71f9]]
**Document description:**Exhibit Instructions to pro se plaintiff on Filing Amended Complaint
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=3/31/2009] [FileNumber=4332386-1]
[69d3881439baa4aaa044416ee2224c662d65a693895fdba63904a7ef432a4f566ebb1
ba93a0c0f3957f0c503c99df7d600158ee8bec43cd453df07eb773a4da0]]



UNITED STATES COMMISSION ON CIVIL RIGHTS

624 NINTH STREET, NW, WASHINGTON, DC 20425                    www.usccr.gov

August 13, 2008

*(handwritten: ~~~ now A KA)*

Juan Garcia
ID# 441-07-02312
09-09- Hazen Street
East El Hurst, NY  11730

Dear Mr. Garcia:

The United States Commission on Civil Rights recently received your complaint.

The Commission was established to conduct studies, hold hearings, issue reports, and serve as a national clearinghouse for civil rights information. As such, the Commission has no authority to provide direct remedial assistance or offer an opinion as to the soundness of individual allegations.

In order to be helpful, we have forwarded your complaint to:

Chief, Criminal Section
Civil Rights Division
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

*(handwritten: I pulling complaint for using to much retective weapons count the N.P or putting danger my life 5 yrs working impriment)*

This agency is authorized to help resolve the problem you described. We have requested that the agency notify you in writing concerning all actions taken to resolve your complaint. Should you need to communicate further concerning this matter, please contact the above agency directly.

Sincerely,

Robert Lemer, Ph.D.
Assistant Staff Director
of Civil Rights Evaluation

U.S. Department of Justice                    **Certification of Identity**                

*Washington, D.C. 20530*

FEB 0 2 2009

NAME (last,first,mi):        GARCIA JESUS

SENTENCE #:

NYSID #:                     6876057M

DATE OF BIRTH:               24-NOV-60

ADMISSION DATE:              23-FEB-07

PROJECTED DISCHARGE DATE:

SOCIAL SECURITY #:           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

1. This document of Computer for JESUS H. GARCIA Jr.

2. This document does not verify or calculate that I'm born in PUERTO RICO mother name is Ms.Flor Maria.N

3 My Farther name is JESUS H. GARCIA senior. This all started in Puerto Rico, and the United STATES

Ronald Jones
Associate Counselor's Name (print)        Associate Counselor's Signature